IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA J. OYOLA RIVERA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CIVIL NO. 11-1150 (FAB/CVR) |

**REPORT AND RECOMMENDATION**

Above plaintiff María J. Oyola Rivera (hereafter "plaintiff Oyola") filed a complaint seeking judicial review of the decision of the above defendant, the Commissioner of Social Security (hereafter " the Commissioner"), denying her application for a period of disability and ensuing benefits. Plaintiff Oyola is requesting from this Court to reverse the final decision of the Commissioner and an order awarding disability benefits be entered, on grounds the decision of the Commissioner is not supported under the substantial evidence rule. (Docket Nos. 2 and 13).[1]

The Commissioner answered the complaint and filed copy of the administrative transcript and record. (Docket Nos. 11 and 12). On May 11, 2011, plaintiff Oyola filed the memorandum of law. (Docket No. 13). Thereafter, defendant filed its memorandum of law. (Docket No. 16). Plaintiff Oyola has not consented to the exercise of jurisdiction by a United States Magistrate-Judge for which the Court has referred this matter for report and recommendation. (Docket Nos. 4, 6 and 8).

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript
of the record, a judgment without remanding the cause for rehearing". Section 205(g).

Having considered the parties' corresponding briefs, as well as the administrative record containing the medical evidence on file, this United States Magistrate-Judge submits this report and recommendation.

## BACKGROUND

On March 9, 2006, plaintiff Oyola filed an application for disability insurance benefits which was denied initially and thereafter reached the hearing level on September 22, 2008. The presiding Administrative Law Judge ("ALJ") determined plaintiff Oyola not to be under disability.  The Appeals Counsel denied a request for review on January 20, 2011, for which this became the final decision of the Commissioner, from which plaintiff Oyola is now seeking judicial review.

Plaintiff Oyola is currently a sixty year old female, with high school education and past relevant work experience as a clerk officer.  She has alleged onset date of disability of December 31, 2000, being then fifty years old, after retiring from public service when offered a retirement window, with some thirty years of service.  Her insured status expired on December 31, 2006, for which she must establish being disabled by such date.

## PROCEDURAL HISTORY AND THE ADMINISTRATIVE HEARING

The ALJ's opinion of December 8, 2008 examined and discussed plaintiff Ortiz' condition through the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and was insured for benefits up to December 31, 2006; (2)  has not engaged in substantial gainful activity since the alleged onset date of disability, that is,

December 31, 2000; (3) has an impairment or a combination of impairments considered "severe" based upon the Regulations found at 20 C.F.R. § 404.1520(b), but these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  At the remaining step evaluation required for this sequential analysis, plaintiff's impairments were considered severe because of osteoarthritis and an affective disorder. (Docket No. 11, Trans., p. 16 ).  Still, the ALJ concluded plaintiff Oyola was able to perform work at the medium level of exertion, except for exposure to extreme heat and coldness, wetness and humidity.  Since plaintiff Oyola could perform her previous work which was well within her residual functional capacity and in the absence of a severe emotional condition and no significant exertional limitations, there was no need for the ALJ to proceed to step five to determine the existence of jobs she could perform that existed in significant numbers in the national economy.   (Id., p. 18).

The ALJ discussed the medical evidence and considered the opinions of state agency physicians and psychologists regarding plaintiff's conditions.  The ALJ considered plaintiff Oyola did not have a severe mental impairment and was thus considered able to perform her past relevant work as an office clerk, upon having no exertional limitation as to pushing, pulling, lifting or carrying, as well as able to remember and carry detailed instructions, maintaining attention and concentration, interacting and relating appropriately with others and responding adequately to work setting and environment. (Id., p. 23).

Plaintiff Oyola argues the ALJ did not adequately consider the findings of a consultative examiner and other medical sources in regards to her degenerative disc

disease, pain, osteoarthritis and a mental condition, upon which her conditions should have been considered severe enough to preclude work activity.

This Magistrate Judge will examine if the evidence in the record as a whole provides substantial evidence in support of the ALJ's opinion finding no significant disability which was adopted as the final decision of the Commissioner and served as grounds to deny plaintiff's application for disability.

## LEGAL ANALYSIS

**A. Legal Standard**.

The Court's review in this action is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence as affirmed by the Appeals Council. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, Title 42, United States Code, Section 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. *See* Nguyen v. Chater,  172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Title 42, United States Code, Section 423(d)(1)(a).  A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work.  Title 42, United States Code, Section  423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered.  20 C.F.R. § 404.1520(a).  A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If he/she is, disability benefits are denied. §§ 404.1520(b). If he/she is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment or combination of

impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f). The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

In regards to plaintiff Oyola, the ALJ found she met the insured status requirements through December 31, 2006. She has not engaged in substantial gainful activity since the alleged onset date of disability, December 31, 2000, after she retired from state public employment by taking advantage of a retirement window. The ALJ additionally

determined, based on the evidence on record, plaintiff Oyola complained of muscular pain and arthritis, but without surgeries or hospitalizations. She engaged in activities of daily living being able to occasionally sweep the floor, cook family meals and go to Church once a week. She also reads, watches television, receives visitors, prepares the list of groceries and walks around her carport. (Id. p. 18).

The ALJ concluded the mental impairment did not meet or equal the criteria and, since it did not cause at least two marked limitations or one marked limitation and repeated episodes of decompensation, the mental condition was not considered severe to prevent plaintiff from working. Thus, at step 4, the ALJ determined plaintiff retained the capacity for medium work. (Id.). The ALJ considered plaintiff Oyola received psychiatric treatment from March 2, 2006 through April 19, 2006 with Dr. William de Jesús. She was described as having appropriate affect, being oriented in the three spheres, with reserved recent and remote memory. Her general knowledge was fair and had adequate judgment and moderate insight. Dr. De Jesús rendered an opinion the patient was anxious and unable to tolerate stressors, was easily distracted and with poor concentration. The diagnosis was of major depressive disorder. (Id. p. 19).

The ALJ also discussed the remaining medical evidence finding that plaintiff's moderate physical condition had not deteriorated, there being no weakness, atrophy, deformity, disabling pain or sensory or reflex abnormalities that would affect her gait and posture. Although plaintiff Oyola complained of pain, she was not referred to any pain management clinic, had not suffered effects from medication nor required assistance with

her personal needs. Thus, the ALJ determined plaintiff's physical capacities were not of such severity as to preclude a work routine. (Id. p. 20).

In making his decision that plaintiff Oyola was not under disability, the ALJ gave greater weight to the opinions of the state agency's experts, medical and other personnel, regarding the severity of plaintiff's physical impairments and residual functional capacity, which were consistent with the preponderance of the medical and other evidence on record and with acceptable clinical and laboratory diagnostic techniques. (Id. p. 22).

Plaintiff Oyola testified at the administrative hearing that she was a high school graduate and working as an office clerk/stenographer with state government until December of 2000, when she took advantage of an early retirement window. (Id. pp. 29-30). Plaintiff Oyola resides with her husband and a twenty-two year old son. As to daily activities, she testified having some help from her daughter to mop the house. Plaintiff sometimes sweeps the floors, does laundry, cooks meals and goes weekly to church. (Id., pp. 35-36). She also reads books, watches television, receives visits from relatives and does some walking as exercise. (Id. pp. 38-39). Plaintiff Oyola complained of having her hands swollen and suffering pain in her legs, back and lower back, having no strength in her hands and walking with a cane for some numbness in her legs and toes. She remains standing at church because of pain and numbness. (Id. pp. 44-45).

The ALJ did not find totally credible significant limitations imposed by pain, at least as to the degree alleged. As such, the ALJ considered the following, among others: plaintiff's daily activities; location, duration, frequency and intensity of the pain alleged;

factors that precipitated or aggravated the alleged symptoms; the type, dosage, effectiveness and side effects of medication taken to alleviate pain; treatment received; and other measures taken to relieve symptoms.

The ALJ indicated giving no controlling weight to the medical opinion of Dr. José Irizarry, who has treated plaintiff and/or Dr. Julio de Jesús, a psychiatrist, for not being reasonably supported by the substantial or other evidence of record. As such, the ALJ also considered pain under the Avery standard.[2] This standard requires under the Social Security Act to consider subjective complaints of pain, and there must be a clinically determinable medical impairment that can reasonably be expected to produce the pain alleged. Other evidence, including plaintiff's statements or her physician are also to be considered, if these are consistent with the medical findings. So long as these statements are not inconsistent with the objective findings, the Avery standard should permit a finding of disability when the medical findings alone would not.

While it is proper to discount evaluation of a physician who relies excessively on the patient's subjective symptoms, rather than on objective medical findings, clinical findings not confirmed by laboratory results on the grounds of being subjective should not be easily disposed. *See* Rodríguez Pagán v. Secretary of Health & Human Serv., 819 F.2d 1, 3 (1st Cir. 1987). Controlling weight is granted to an opinion when the ALJ finds said opinion is from a treating source, is a medical opinion concerning the nature and severity of plaintiff's

---

[2] Avery v. Sec'y of Health & Human Services, 797 F.2d 19 (1st Cir. 1986). Once there are medical signs and findings that show the existence of a medical impairment which could reasonably be expected to produce the pain alleged, disability is established if such findings, considered with all the evidence including statements of the individual or his physician as to the intensity and persistence of such pain, would lead to a conclusion that the individual is under disability.

impairment, and is well-supported by medically acceptable clinical and laboratory techniques. 20 C.F.R. §404.1527(d). The ALJ may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record. Shaw v. Secretary of Health & Human Servs., 25 F.3d 1037 (1st Cir. 1994); Rodríguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

**B. Conclusions of Law.**

A review of the ALJ's decision shows he opined objective evidence established the presence of medical impairments which could reasonably be expected to cause the symptoms alleged, but not to the extent claimed. In reviewing the decision of the ALJ, we still consider the Court of Appeals for the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise)). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

An Administrative Law Judge is not required to give greater weight to opinions of treating physicians in social security disability case. *See* Arroyo v. Secretary of Health and Human Services, 932 F.2d 82 (1st Cir. 1991). *See also* Rodríguez Pagán v. Secretary of

Health and Human Services, 819 F.2d at 1 (opinions of physicians in social security disability proceeding are not entitled to greater weight merely because they are treating physicians, as opposed to consulting physician). To be controlling, among other things, the treating physician's opinion must not be inconsistent with the other substantial evidence in the case record.  Conflicts in the evidence are for the Commissioner, not the courts. Rodríguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir.1981). *See also* 20 C.F.R. § 404.1527(d)(2); *see also* Rodríguez Pagán v. Secretary of Health and Human Services, 819 F.2d at 3; Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 130 (1st Cir. 1981).

However, it is also well established that the treating physician's opinions must be given considerable weight in determining disability, even if not deemed conclusive. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir.1994). Thus, the ALJ may disregard the treating physician's opinion with a showing of good cause. Moreover, "the good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id*. (citing Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985)). Sánchez v. Commissioner of Social Security, 270 F.Supp.2d 218, 221 (D. Puerto Rico 2003).

The record available presents a consultative rheumatologist, Dr. Elena Velázquez, who reported on June 9, 2006, a normal evaluation of plaintiff Oyola, except for some pain on the distal and proximal inter phalangeal and mild swelling on the left 4th proximal inter

phalangeal. There was paravertebral muscle tenderness but good posture. Mental development and cerebral functions were assessed as normal, with good coordination, no sensory deficit and normal gait without abnormality of gross movements. There were negative Tinnel and Phallen signs, although the report refers to limitation to do hand grip, hold heavy objects and bend forward. The diagnosis was of suspected left carpal tunnel syndrome, severe hand osteoarthritis, depression, paravertebral muscle spasm and neck pain with history of cervical disc disease. (Trans., pp. 233-235).

Dr. Marieanne Perocier Aguirre presented a psychiatric evaluation dated May 6, 2006. Plaintiff Oyola reported emotional symptoms as of October of 2005 and was prescribed Zoloft, Trazodone and Ativan, without any history of psychiatric hospitalization. The patient informed suffering from rheumatoid arthritis since age thirty five, which is handled with monthly injections and some pain relievers. Back in 1985, she had trauma in her knees and cervical discogenic disease at C5-6 and C6-7.[3] The patient reported living with her husband and a younger son, taking care of her personal needs and having some help from her daughter to do household chores. She entertained herself by taking care of friends or relatives who visit them, watching television, listening to the radio and interacting with children and grandchildren. She also talks over the phone and resolves issues over the phone. She goes shopping, for a trip, to medical appointments and to religious services. Plaintiff's thought production was spontaneous and somewhat elaborate, being observed as coherent, relevant and logical. She expressed feelings of loneliness and

---

[3] Notwithstanding these conditions, plaintiff Oyola remained employed until age fifty and performed her work as office clerk until the December of 2000, when she retired from state public employment with thirty years of service.

obsessive rumination about family situations.  Affect was appropriate to the thought content.  She had no difficulty in establishing interpersonal relationships.  Mood was dysphoric, with floating anxiety.  The patient was found alert, oriented, with adequate immediate, recent and remote memory, being aware of daily events. Ability to pay attention and concentration was preserved. Ability for abstraction was adequate. General knowledge was consonant with her education and the speed of production of her answers were normal. Control of impulses was moderate and judgment was adequate.  The diagnosis was of dysthymic disorder with atypical symptoms.  The patient was considered able to manage her funds. (Id. pp. 86-88).

Consultative evaluations that are part of the record support the residual functional assessment upon which the ALJ may have relied for his conclusion that plaintiff could perform medium type of work. *See* Gordils v. Secretary of Health and Human Services, 921 F.2d 327, 329 (1st Cir.1990) (*per curiam*) (the opinion of an examining consultant and a non- examining physician who completed an RFC assessment can constitute "substantial evidence").  The ALJ concluded plaintiff could sit, stand and walk up to six hours in an eight-hour work period and perform jobs which did not require management of objects or perform constant fine manipulative movements with her hands.

Plaintiff submits in her memorandum of law the ALJ failed to properly consider evidence that she had limitations to do hand grip, hold heavy objects and bend forward. Although she was found to be able to perform grasp, pinch, finger tap, button shirt, pick up coins, these functions were assessed as painful.  (Id. pp. 235 and 241).  As to her mental

condition, there was evidence that, although plaintiff could perform daily living activities, her ability to socialize or interact with others was impaired and she was easily distracted with poor concentration. (Id. pp. 228, 229).

Discussing additional evidence raised through plaintiff's testimony at the administrative hearing, it is plaintiff's contention the ALJ erroneously concluded she could perform her past relevant work as office clerk for there were physical impairments and limitations, which together with pain, would not allow performance of her past relevant work. Said office clerk job required prolonged sitting and stooping for four (4) hours and extensive use of her hands. Thus, the ALJ should have considered the pain factor in plaintiff's hands and back would have had an adverse impact on her ability for her past job on a sustained basis. (Plaintiff's memo, pp. 13-14; Trans. pp. 65, 157, 219-220, 223, 235, and 241).

Nevertheless, the ALJ's opinion considered plaintiff could perform medium work which did not preclude the performance of her past relevant job as an office clerk. Plaintiff's mental standpoint showed she was able to understand, remember and carry out detailed instructions, maintain attention and concentration for at least hours intervals, interact and relate appropriately with others, such as co-workers, supervisors and the public, and respond appropriately to changes in work setting and environment.

The ALJ is also entitled to consider how plaintiff's testimony fits with the rest of the evidence of record. *See* Frustaglia v. Secretary of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). The record provides support for the existence of narrowing of C6-C7

intervertebral space with discogenic disease changes.  In addition, plaintiff has a non-exertional diagnosed condition related to mental health problem, which the patient's treatment sources presented as a severe depression while consultative examinations refer to the condition as dysthymic disorder.  However, conflicts in the medical evidence is for the Commissioner to resolve.  *See* Tremblay v. Secretary of Health & Human Servs., 676 F.2d 11 (1st Cir. 1982) (In a social security disability benefits case, conflict between personal physician and medical advisor is for the Secretary to resolve).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria.  Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion".  Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938).  The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[4]   The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error.  Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

As a lay person, however, the ALJ is simply not qualified to interpret raw medical data in functional terms and when there is no medical opinion supported said determination.  *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15 (1st Cir.1996); Pérez v. Secretary of Health and Human Services, 958 F.2d 445, 446 (1st

---

[4] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

María J. Oyola-Rivera  v. Commissioner of SS
Civil No. 11-1150 (FAB/CVR)
Report and Recommendation
Page No. 16

Cir.1991); Berrios López v. Secretary of Health and Human Services, 951 F.2d 427 (1st Cir.1991); Gordils v. Secretary of Health and Human Services, 921 F.2d at 329; see Nguyen v. Chater, 172 F.3d at 35. With a few exceptions, an ALJ, as a lay person, is not qualified to interpret raw data in a medical record. *See also* Pérez v. Secretary of Health & Human Servs., 958 F.2d at 446; Gordils v. Secretary of Health & Human Servs., 921 F.2d at 329. Of course, where the medical evidence shows relatively little physical impairment, such as determined herein as to plaintiff Oyola, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment. *See, e.g., Id.* The question whether substantial evidence supports the ALJ's finding that plaintiff retains the functional capacity to do all levels of medium type exertion, has allowed performance of her past relevant work as office clerk.[5]  If such evidence would then suggests a relatively mild physical impairment posing, to the layperson's eye, no significant exertional restrictions, then we should uphold the ALJ's finding; otherwise, we cannot (in the absence of an expert's opinion). *See* Pérez, 958 F.2d at 446-47; Gordils, 921 F.2d at 329.

In view of te above, this Magistrate Judge considers the decision of the Commissioner is supported by substantial evidence in the record as a whole.

## CONCLUSION

For the reasons stated above, this United States Magistrate-Judge, having scrutinized the record and the evidence therein as a whole, finds that the decision of the ALJ

---

[5] The ALJ determined plaintiff was not significantly limited as to any mental condition and neither were there exertional impairments which would preclude performance of medium type of work, as supported by substantial evidence on the record.  Insofar as conflict in the medical evidence, same was for the administrative agency to determine, not the courts.

is supported by substantial evidence. Therefore, it is recommended the decision of the Commissioner of Social Security denying the application for disability be AFFIRMED.

**IT IS SO RECOMMENDED**.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 18th day of November of 2011.

                                           s/CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ-RIVE
                                           UNITED STATES MAGISTRATE JUDGE